UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

SAMMIE WALKER,                                                    CASE NO. 08-13410-NPO

DEBTOR.                                                                    CHAPTER 13

MEMORANDUM OPINION SUSTAINING
DEBTOR'S OBJECTION TO NAVISTAR'S AMENDED PROOF OF CLAIM

On June 9, 2010, this matter came on for hearing (the "Hearing") on the Objection to Proof of Claim of Navistar Financial Corporation (the "Objection to Claim") (Dkt. No. 35) filed by Sammie Walker (the "Debtor") and the Response of Navistar Financial Corporation to Debtor's Objection to Proof of Claim (the "Response") (Dkt. No. 38) filed by Navistar Financial Corporation ("Navistar"). At the Hearing, Fredrick B. Clark represented the Debtor, and Harold H. Mitchell, Jr. represented Navistar. At the Court's request, the Debtor timely submitted the Debtor's Brief in Support of Debtor's Objection to Navistar's Amended Proof of Claim ("Debtor's Brief") (Dkt. No. 48), and Navistar timely submitted Navistar's Brief in Opposition to Debtor's Objection to Navistar's Amended Proof of Claim ("Navistar's Brief") (Dkt. No. 47). The Court, having considered the pleadings and being fully advised in the premises, finds that the Objection to Claim should be sustained as set forth herein. Specifically, the Court finds as follows:[1]

### Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Notice of the Objection to Claim was proper under the circumstances.

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

**Facts**

On May 17, 2006, the Debtor entered into a Commercial Loan and Security Agreement with Navistar for a loan in the principal amount of $24,471.77 for the purchase of a used 2000 Sterling truck tractor. Navistar perfected its security interest in the truck tractor and any insurance proceeds through a Certificate of Title dated June 5, 2006.

On August 27, 2008, the Debtor filed a voluntary petition for relief pursuant to chapter 13 of the Bankruptcy Code. The Debtor filed his Chapter 13 Plan ("Plan") (Dkt. No. 5) on August 28, 2008. On October 2, 2008, Navistar filed a Proof of Claim (Claim No. 6-1) in the amount of $4,424.65, representing the outstanding debt owed on the truck tractor. Navistar filed its Objection to Confirmation of Chapter 13 Plan ("Objection to Confirmation") (Dkt. No. 14) on October 16, 2008, in which Navistar complained about the amount the Debtor proposed to pay each month on the aforementioned debt. On December 1, 2008, the Court entered the Agreed Order ("Agreed Order") (Dkt. No. 20) submitted by Navistar which fully resolved the dispute between the Debtor and Navistar concerning the truck tractor. The Court entered the Order Confirming the Debtor's Plan ("Confirmation Order") (Dkt. No. 23) on December 10, 2008.

The Debtor continued to use the truck tractor in his employment as a truck driver until the truck tractor was involved in a motor vehicle accident in January of 2010, thirteen (13) months into the sixty (60)-month term of the Plan. At the time of the accident, the truck tractor was insured through Underwriters at Lloyd's of London. After learning that the truck tractor had been destroyed, Navistar, through counsel, filed an Amended Proof of Claim (Claim No. 6-2), seeking to add attorney's fees and expenses in the amount of $2,500.00 to the original proof of claim amount of $4,424.65 plus interest, for a total of $6,924.65. On March 1, 2010, the Debtor filed the Objection to Claim.

**Issues**

The two issues presented to the Court are:

1. Whether the debt owed by the Debtor is the amount under the confirmed Plan, as the Debtor contends, or the amount of the Amended Proof of Claim, as Navistar contends; and

2. Whether Navistar can be required to release its lien in the title to the truck tractor, prior to the Debtor's receiving a discharge, if the amount of Navistar's Amended Proof of Claim is not paid in full.

**Discussion**

**1. The debt owed by the Debtor to Navistar is the amount under the confirmed Plan, as set forth in the Agreed Order.**

Navistar argues that case law from the Third Circuit Court of Appeals supports its position that Navistar is entitled to collect the full amount of the Amended Proof of Claim (the amount of the original Proof of Claim plus attorney's fees and expenses) from the insurer, and that confirmation of the Debtor's Plan did not alter Navistar's right as a third-party beneficiary of the insurance proceeds. Navistar's Brief, pp. 6-7 (*citing* First Fidelity Bank v. McAteer, 985 F.2d 114 (3rd Cir. 1993)). Navistar's reliance on McAteer, however, is misplaced in this case because Navistar itself altered its right of recovery as to the insurance proceeds when it submitted the Agreed Order to this Court.

The Agreed Order contains the following pertinent provisions:

* * * *

**(B) Payment of Secured Claim.**

Navistar shall have an allowed, secured claim in the amount of $4,424.65 secured by Debtor's 2000 Sterling Tractor described above. Said claim shall be paid with interest and

other charges from and after the date of the commencement of this case at the contract rate of 12.45% in monthly payments in the amount of $99.42 each, which Debtor shall pay through the Chapter 13 Plan. (Emphasis added).

**(C) Retention of Liens.**

Navistar shall retain its lien until its <u>secured claim as provided above has been fully paid as set forth above.</u> Debtor shall sign any and all documents and instruments necessary to effect replacement or additional liens in favor of Navistar in the property described in this Order. (Emphasis added)

**(D) Proof of Insurance.**

Debtor shall furnish to Navistar from time to time as requested, a certificate of paid insurance covering loss of and damage to the property described in this order for its full insurable value and expressly naming Navistar as loss payee.

* * * *

**(G) Full Treatment of the Claims of Planters Bank & Trust Company [sic].**

This Agreed Order resolves the issues raised in the Objection to Confirmation of Chapter 13 Plan filed by Navistar in this bankruptcy case. Accordingly, <u>this Agreed Order constitutes the permanent treatment of the claim of Navistar in this bankruptcy case</u>, and Debtor's Chapter 13 Plan shall incorporate the terms of this Agreed Order by specific reference. (Emphasis added).

By language of its own drafting, Navistar altered and limited its right of recovery to the insurance proceeds it now seeks. For example, Navistar could have included attorney's fees and expenses in its original Proof of Claim and incorporated those into paragraph "(B) Payment of Secured Claim" in the Agreed Order, but it did not do so. A plain reading of paragraph (B) shows that Navistar agreed that the amount of its secured claim was $4,424.65, the amount Navistar now seeks to amend because it did not include the attorney's fees and expenses to which it should be entitled.

Paragraph "(C) Retention of Liens" of the Agreed Order plainly states that "Navistar shall retain its lien until its <u>secured claim as provided above has been fully paid as set forth above.</u>" (Emphasis added). Navistar, however, could have included different language in the Agreed Order

regarding the retention of its lien. Again, it did not.

Also, in paragraph "(D) Proof of Insurance, " Navistar could have included language that set forth that if insurance proceeds were paid on the policy, Navistar would be paid the amount of its secured claim as set forth in its Proof of Claim plus attorney's fees and expenses. It did not.

Finally, a plain reading of paragraph "(G) Full Treatment of the Claims" demonstrates that Navistar intended that "this Agreed Order constitutes the permanent treatment of the claim of Navistar in this bankruptcy case. . . ." Navistar could have included language in this paragraph to change the treatment of Navistar's claim should insurance proceeds be paid because of the loss of the truck tractor. Instead, language of Navistar's own drafting in the Agreed Order altered and limited its right of recovery to the insurance proceeds as to $4,424.65, the amount set forth in paragraph (B).

The authorities cited in Navistar's Brief simply do not address the facts of this case. Here, Navistar negotiated and drafted the Agreed Order to address the disputes contained in the Objection to Confirmation. Navistar clearly intended the Agreed Order to be the "permanent treatment" of its claim during the bankruptcy case, with no reservations or exceptions. Not surprisingly, Navistar offers no explanation of why it should not be bound by the terms of the Agreed Order for the insurance payment to be made during the period of the Plan. Regardless of what the insurance policy provides, Navistar agreed to specific treatment of its claim to resolve a dispute with the Debtor. The word "permanent" applies with equal force to Navistar as well as to the Debtor.

2. **Navistar can be required to release its lien on the truck tractor prior to the Debtor's receiving a discharge as set forth in the Agreed Order.**

Pursuant to the provisions of the Agreed Order, Navistar agreed to retain its lien on the truck tractor "until its secured claim as provided above has been fully paid as set forth above." Once

Navistar's claim is paid in full pursuant to the terms set out in the Agreed Order, Navistar's lien on the truck tractor will be extinguished. There is no debt owed at that point to Navistar under the Plan.

## Conclusion

For the reasons set forth in this Memorandum Opinion, the Court finds that the debt owed by the Debtor to Navistar is the amount under the confirmed Plan, as set forth in the Agreed Order. Once that debt is paid, Navistar's lien on the truck tractor will be extinguished. Accordingly, the Court finds that the Objection to Claim should be sustained.

/s/ Neil P. Olack
Neil P. Olack
United States Bankruptcy Judge
Dated: July 9, 2010